# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EUGENE T. FOUST, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 10-CV-353-JHP-FHM |
| ) | |
| JUSTIN JONES; ) | |
| WALTER McNEIL, ) | |
| ) | |
| Respondents. ) | |

## OPINION AND ORDER

On June 1, 2010, Petitioner, an inmate presently incarcerated at the Joseph Harp Correctional Center and appearing *pro se*, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 2), a supporting brief (Dkt. # 1), supporting exhibits (Dkt. #s 3 and 4), and a motion for leave to proceed *in forma pauperis* (Dkt. # 5). By Order filed July 7, 2010 (Dkt. # 7), the Court granted Petitioner's motion to proceed *in forma pauperis* and determined that the petition was subject to dismissal as barred by the one-year statute of limitations applicable to habeas corpus actions. However, Petitioner was afforded the opportunity to file a response demonstrating why this matter should not be dismissed with prejudice as time barred. On September 16, 2010, Petitioner filed his response (Dkt. # 10). For the reasons discussed below, the Court finds the petition shall be dismissed with prejudice as time barred.

### *PROCEDURAL BACKGROUND*

Petitioner challenges his conviction of Lewd Molestation entered in Tulsa County District Court, Case No. CRF-87-3767, on his plea of *nolo contendere*. See Dkt. # 1. As stated in the prior Order, see Dkt. # 7, Petitioner has in the past filed at least one other habeas corpus petition in this

District Court challenging the same Tulsa County conviction at issue in this matter. See N.D. Okla. Case No. 89-CV-611. That petition was dismissed without prejudice based on Petitioner's failure to exhaust state remedies.[1] Thereafter, on January 18, 2006, Petitioner filed a Rule 60(b) motion for relief from judgment and an amended petition in Case No. 89-CV-611. By Order filed January 24, 2006, the Court denied the requested relief. See N.D. Okla. Case No. 89-CV-611-TCK, Dkt. # 65. Petitioner appealed to the Tenth Circuit Court of Appeals. The appellate court denied a certificate of appealability and dismissed the appeal. See id., Dkt. # 77; Foust v. Champion, 201 Fed. Appx. 639 (10th Cir. Oct. 23, 2006) (unpublished). In addition, the appellate court denied the implied application to file a successive § 2254 application based on Petitioner's failure to present a factual predicate discovered within one year of the filing of his claims in order to satisfy the one-year period of limitation applicable to successive habeas applications. Id.

## *ANALYSIS*

Petitioner has filed numerous habeas petitions and motions in this Court and is well aware that the Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions. Under the AEDPA:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Because Petitioner's prior petition for writ of habeas corpus was dismissed without prejudice based on his failure to exhaust state remedies, the filing of this subsequent petition is not barred by 28 U.S.C. § 2244(b). Slack v. McDaniel, 529 U.S. 473, 485-86 (2000).

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In United States v. Simmonds, 111 F.3d 737, 744-46 (10th Cir. 1997), *overruled on other grounds*, United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003), the Tenth Circuit Court of Appeals held that for prisoners whose convictions became final before April 24, 1996, the one-year statute of limitations did not begin to run until April 24, 1996. In other words, prisoners whose convictions became final before April 24, 1996, the date of enactment of the AEDPA, were afforded a one-year grace period within which to file for federal habeas corpus relief. The Tenth Circuit also ruled that the tolling provision of 28 U.S.C. § 2244(d)(2) applied in § 2254 cases to toll the one-year grace period afforded by Simmonds. Hoggro v. Boone, 150 F.3d 1223 (10th Cir. 1998). Therefore, the one-year grace period would be tolled during time spent pursuing state applications for post-conviction relief properly filed during the grace period.

Based on application of § 2244(d)(1)(A), this habeas petition was not filed within the one-year limitations period. Petitioner's conviction entered in Tulsa County District Court, Case No. CRF-87-3767, became final long ago. As stated above, in that case, Petitioner was convicted of

Lewd Molestation, After Conviction of Two Felonies. In his petition, petitioner states that after the Oklahoma Court of Criminal Appeals ("OCCA") reversed and remanded his conviction for retrial on August 11, 1993, he entered a plea of *nolo contendere* on October 21, 1993. See Dkt. # 2. Nothing in the record suggests that Petitioner filed a motion to withdraw his plea or otherwise perfected a *certiorari* appeal to the OCCA. He does state, however, that he was denied a direct appeal out of time and that his claims have been exhausted through applications for post-conviction relief. See id. Based on that record, Petitioner's conviction in Case No. CRF-87-3767 became final on or about October 31, 1993, ten days after pronouncement of his Judgment and Sentence. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty or *nolo contendere*). As Petitioner's conviction became final well before April 24, 1996, the date of enactment of the AEDPA, any habeas petition filed after April 25, 1997, absent a tolling event, would be untimely. Hurst, 322 F.3d at 1261.

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the grace period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, it does not appear that Petitioner sought post-conviction relief during the grace period. The dates provided by Petitioner, see Dkt. # 2 at 43-57, confirm that his post-conviction applications were filed either before or after the grace period and do not serve to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Therefore, this habeas corpus petition, filed June 1, 2010, appears to be untimely.

In response to the Court's Order concerning the statute of limitations, see Dkt. # 10, Petitioner first argues that because his untimeliness is not clear from the face of the record, the Court lacked authority to raise the statute of limitations *sua sponte*. The Court finds that allegation to be without merit. The untimeliness of Petitioner's challenge to his 1993 conviction leaps from the record. In Day v. McDonough, 547 U.S. 198, 210-11 (2006), the Supreme Court determined that district courts are permitted to consider, *sua sponte*, the timeliness of a habeas petition as long as notice and an opportunity to address the limitations issue are provided to the petitioner before the petition is dismissed. The Court provided Petitioner the opportunity to address the limitations issue. Therefore, under the facts of this case, the Court is authorized to raise the statute of limitations issue *sue sponte*.

Next, Petitioner argues he is entitled to habeas corpus relief because he is actually innocent of his conviction. Petitioner avers that the victim has recanted the allegations giving rise to the charge of Lewd Molestation to which he pled *nolo contendere*. He provides the affidavits of the victim and his sister-in-law to support his recantation theory. The law is well settled that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Herrera v. Collins, 506 U.S. 390, 400 (1993). It is not the role of a habeas corpus court to make an independent determination of a petitioner's guilt or innocence based on evidence that has emerged since the trial. "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution--not to correct errors of fact." Id.; see also Sellers v. Ward, 135 F.3d 1333, 1338 (10th Cir. 1998). In this case, Petitioner's "newly discovered evidence," in the form of affidavits purporting to show his innocence,

is actually the claim itself, rather than the factual predicate of an independent constitutional claim. The Court finds that Petitioner is not entitled to habeas corpus relief as the "newly discovered evidence" does not provide the factual predicate of a separate cognizable claim. See Allen v. Beck, 179 Fed. Appx. 548, 550-51 (10th Cir. 2006) (unpublished)[2]; Pruett v. Cockrell, 2001 WL 1516735, *9 (N.D. Tex. Nov. 21, 2001) (unpublished) (citations omitted).

A claim of actual innocence may also serve as a gateway to excuse a time bar. "[A] sufficiently supported claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for the failure to bring these claims earlier." Lopez v. Trani, 628 F.3d 1228, 1230 (10th Cir. 2010). The Court must determine whether Petitioner has made a showing of actual innocence before concluding that the claims for federal habeas relief are barred by the statute of limitations. Sellers, 135 F.3d at 1338. To establish actual innocence, a habeas petitioner must demonstrate that "it is more likely than not that no reasonable [trier of fact] would have convicted him." Schlup v. Delo, 513 U.S. 298, 327-28 (1995); Bousley v. United States, 523 U.S. 614, 623 (1998). "[T]he Schlup standard is demanding and permits review only in the 'extraordinary case.'" House v. Bell, 547 U.S. 518, 538 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." Id. at 537. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623-24 (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)); see also Doe v. Menefee, 391 F.3d 147, 162 (2nd Cir. 2004) ("As Schlup makes clear, the issue before [a federal district] court is not legal innocence but factual

---

[2]Citation to this and other unpublished opinions is for persuasive value. See 10th Cir. R. 32.1(A).

6

innocence."). "[A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup, 513 U.S. at 324.

In support of his claim of actual innocence, Petitioner provides the "sworn affidavits" of his sister-in-law, Barbara J. Spillers Johnson French, and of his daughter, the victim of the criminal act giving rise to his conviction.[3] See Dkt. # 3, Exs. A and B. In her sworn affidavit, the victim states that her father is innocent of the crime to which he pled *nolo contendere* almost seventeen (17) years before filing this habeas corpus petition. See Dkt. # 3, Ex. B. The victim's sworn affidavit is dated December 25, 2008. Similarly, Petitioner's sister-in-law, Ms. French, explains in her sworn affidavit that it was her ex-husband who molested Petitioner's daughter. Id., Ex. A. Ms. French's sworn affidavit is dated November 11, 2009.[4] Id. Upon close inspection of the affidavits, the Court finds that they do not constitute "new reliable evidence" of Petitioner's actual innocence. See generally Herrera, 506 U.S. at 417, 423 (because post-trial affidavits are "obtained without the benefit of

---

[3]Neither affidavit supporting the recantation theory is notarized.

[4]The year on Ms. French's affidavit has been scratched out and "2009" has been written in. See Dkt. # 3, Ex. A. The Court notes that Petitioner presented Ms. French's affidavit to Cleveland County District Court, as part of the record in Case No. WH-2010-1. The petition in that case was filed January 7, 2010, and denied on February 26, 2010. Petitioner appealed and, on April 12, 2010, in Case No. HC-2010-261, the OCCA dismissed the habeas appeal. The affidavit of Ms. French, as provided by Petitioner in the state habeas case, is identical to the affidavit provided in this habeas case. Significantly, however, the affidavit filed in the state case is dated November 11, 2008. See www. oscn.net. The year "2008" was not scratched out and replaced with "2009" as it was on the affidavit presented by Petitioner in this case.

cross-examination," they "are to be treated with a fair degree of skepticism." (O'Connor, J., concurring)); see also Dobbert v. Wainwright, 468 U.S. 1231, 1233 (1984) (Brennan, J., dissenting from denial of certiorari and stating: "Recantation testimony is properly viewed with great suspicion"); Carriger v. Stewart, 132 F.3d 463, 483 (9th Cir. 1997) (Kozinski, J., dissenting, stating: "Recanting testimony has long been disfavored as a basis for a claim of innocence" and is viewed, on review, "with extreme suspicion"); United States v. Leibowitz, 919 F.2d 482, 483 (7th Cir. 1990) ("Judges view recantation dimly"); United States v. Nixon, 881 F.2d 1305, 1311 (5th Cir. 1989) ("The recanting of prior testimony by a witness is ordinarily met with extreme skepticism."). Significantly, as the Court previously noted, see Dkt. # 7 at 5, and as Petitioner has acknowledged in his response, see Dkt. # 10 at 3, Petitioner himself wrote the affidavits. Hence, the victim's recantation suffers from an inherent credibility problem and the Court declines to accept the affidavit as "reliable evidence" demonstrating actual innocence. In light of the foregoing, the court concludes that Petitioner has not established an extraordinary circumstance sufficient to justify equitable tolling.

To the extent Petitioner asserts that the evidence of the victims' recantation should serve to initiate a "new" one-year limitations period under § 2244(d)(1)(D), Petitioner is not entitled to relief. As stated above, § 2244(d)(1)(D) provides that the one-year limitations period may run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Even under 28 U.S.C. § 2244(d)(1)(D), Petitioner's actual innocence claim based on the affidavits is time barred. All of the information contained in the sworn affidavits could have been developed long ago at the time of Petitioner's criminal proceeding. Although Petitioner maintains his innocence, he pled *nolo*

*contendere* in 1993 and failed to pursue the information contained in the affidavits until 2008. Even if Petitioner were not in possession of the victim's affidavit until 2008, he has failed to set forth any "extraordinary circumstances" which prevented the filing of a timely habeas petition as he clearly knew the basis for this claim long before he sought habeas corpus relief. See Pacheco v. Artuz, 193 F. Supp. 2d 756, 760 (S.D. N.Y. 2002) (the § 2244(d)(1)(D) time bar runs "from the date a petitioner is on notice of the facts which would support a claim, not from the date on which the petitioner has in his possession evidence to support his claim"). Also, more than one (1) passed between when the sworn affidavits were signed in 2008 and when Petitioner first presented them to the state courts in 2010. Moreover, the Court can only assume that Petitioner, like any other prisoner claiming to be innocent, would have been highly motivated to act promptly in seeking relief. Yet Petitioner did nothing to establish his innocence over the many intervening years since 1993. Because Petitioner has failed to demonstrate his actual innocence, the court finds that the instant petition for writ of habeas corpus is properly analyzed under 28 U.S.C. § 2244(d)(1)(A), as opposed to § 2244(d)(1)(D).

Petitioner also claims that he is entitled to equitable tolling due to his continuing mental health issues. Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Although Petitioner claims to be mentally incompetent, the record provided by Petitioner does not convince the Court that between April 24, 1996, and April 24, 1997, he was so incapable of rational thought that he could not take the steps necessary to file a petition for writ of habeas corpus. See Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) ("An inmate bears a strong burden to show specific facts to support his claim of [entitlement to equitable tolling]." (alteration in original and internal quotation marks omitted));

9

McCall v. Wyo. Att'y Gen., 339 Fed. Appx. 848, 850 (10th Cir. 2009) ("mere allegations that [a defendant] was under the influence of medication [are not] sufficient to demonstrate the extraordinary circumstances beyond his control necessary for equitable tolling." (internal quotation marks omitted)) (unpublished); Wiegand v. Zavares, 320 Fed. Appx. 837, 839 (10th Cir. 2009) (unpublished) ("Allegations of mental incompetence alone . . . are generally insufficient to warrant equitable tolling."). The Court notes again that the record reflecting Petitioner's frequent filings in state court and in this Court does not support a finding that he has ever been incapable of rational thought entitling him to equitable tolling.

In summary, this petition, filed almost seventeen (17) years after Petitioner's conviction became final, is time barred. Petitioner is not entitled to equitable tolling. Accordingly, the petition shall be dismissed with prejudice.

**Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists

of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on the statute of limitations is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice** as barred by the one-year statute of limitations. A certificate of appealability is **denied**.

DATED THIS 17th day of May 2012.

James H. Payne
United States District Judge
Northern District of Oklahoma